UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DANA W.,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,

Defendant.

Case No.: 3:26-cv-04833-AHG

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

**[ECF No. 2]**

On August 24, 2026, Plaintiff Dana W. ("Plaintiff") brought this action against the Commissioner of Social Security, seeking judicial review of the Commissioner's final administrative decision denying her application for Supplemental Security Income benefits for lack of disability. ECF No. 1. Along with her Complaint, Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. ECF No. 2.

## I. LEGAL STANDARD

A motion to proceed IFP presents two issues for the Court's consideration. First, the Court must determine whether an applicant properly shows an inability to pay the $405[1] civil filing fee required by this Court. *See* 28 U.S.C. §§ 1914(a), 1915(a). To that end, an applicant must also provide the Court with a signed affidavit "that includes a statement of all assets[,] which shows inability to pay initial fees or give security." CivLR 3.2(a). Second, § 1915(e)(2)(B)(ii) requires the Court to evaluate whether an applicant's complaint sufficiently states a claim upon which relief may be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

## II. DISCUSSION

### A. Motion to Proceed IFP

An applicant need not be completely destitute to proceed IFP, but she must adequately prove her indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). An adequate affidavit should "allege[] that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (an adequate affidavit should state supporting facts "with some particularity, definiteness and certainty"). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235. Consequently, courts must evaluate IFP requests on a case-by-case basis. *See id*. at 1235–36 (declining to implement a general benchmark of "twenty

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); UNITED STATES COURTS, DISTRICT COURT MISCELLANEOUS FEE SCHEDULE § 14 (effective Dec. 1, 2023), https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id*.

percent of monthly household income”); *see also Cal. Men’s Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (requiring that district courts evaluate indigency based upon available facts and by exercise of their “sound discretion”), *rev’d on other grounds*, 506 U.S. 194 (1993); *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974).

Here, Plaintiff states in her affidavit that she has $145.00 in a prepaid bank account, has no valuable assets, has no vehicle, and has no other source of income other than $509.00 per month in General Relief. ECF No. 2 at 1–2. Her monthly expenses ($492.00) barely exceed her monthly income ($509.00). *Id*. at 1–4; *see id*. at 4 (rent is $100, utilities are $50, home maintenance is $50, food costs are $150, transportation is $30, and medication is $112). Considering the information in the affidavit, the Court finds that Plaintiff has sufficiently shown an inability to pay the $405 filing fee under § 1915(a).

**B. Screening under 28 U.S.C. 1915(e)**

As discussed above, every complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject to a mandatory screening by the Court under Section 1915(e)(2)(B). *Lopez*, 203 F.3d at 1127. Under that subprovision, the Court must dismiss complaints that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Social Security appeals are not exempt from this screening requirement. *See Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012) (“Screening is required even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner’s denial of social security disability benefits [under 42 U.S.C. 405(g)].”); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (affirming that “the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners”); *Lopez*, 203 F.3d at 1129.

Rule 2 of the Federal Rules of Civil Procedure’s Supplemental Rules of Social Security Actions sets forth the requirements for a complaint in an action appealing the decision of the Commissioner. FED. R. CIV. P., SUPPLEMENTAL R. 2 OF SOC. SEC. ACTIONS UNDER 42 U.S.C. § 405(G) (effective Dec. 1, 2022) (The complaint <u>must</u> “(A) state that the

action is brought under § 405(g); (B) identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision; (C) state the name and the county of residence of the person for whom benefits are claimed; (D) name the person on whose wage record benefits are claimed; and (E) state the type of benefits claimed." The complaint may "include a short and plain statement of the grounds for relief."). In the IFP screening context, however, "[t]he plaintiff must provide a statement identifying the basis of the plaintiff's disagreement with the ALJ's determination and must make a showing that [s]he is entitled to relief, 'in sufficient detail such that the Court can understand the legal and/or factual issues in dispute so that it can meaningfully screen the complaint pursuant to § 1915(e).'" *Jaime B. v. Saul*, No. 19cv2431-JLB, 2020 WL 1169671, at *2 (S.D. Cal. Mar. 10, 2020) (quoting *Graves v. Colvin*, No. 15cv106-RFB-NJK, 2015 WL 357121, at *2 (D. Nev. Jan. 26, 2015)). "Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong. The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2.

Having reviewed Plaintiff's Complaint, the Court finds Plaintiff has sufficiently stated a claim upon which relief may be granted. Specifically, in her complaint, Plaintiff (1) states that she brings this action pursuant to 42 U.S.C. § 405(g); (2) identifies the final decision of the Commissioner to be reviewed as the Appeals Council's June 26, 2026, denial of Plaintiff's request for review of the Administrative Law Judge's ("ALJ") unfavorable decision, (3) provides her name and states that she resides in El Cajon, California; and (4) states the type of benefits claimed, namely, Supplemental Security Income benefits. ECF No. 1. Although it is optional to do so under Rule 2, Plaintiff further explains her grounds for relief from the Commissioner's decision, including that: (1) "the ALJ did not state clear and convincing reasons for rejecting the symptom and limitation testimony that [Plaintiff] could not lift over five pounds, push or pull over 10 pounds, stand more than 20 minutes, walk more than five to 20 minutes, posture, concentrate, handle

changes, and had to spend most of the day in bed;" (2) "the ALJ did not properly weigh the medical evidence that [Plaintiff] had more limitations as expressed by Dr. Maximous and Dr. Wieseltier;" (3) "the ALJ finding of the ability to perform work is not supported by substantial evidence because failed to assume a complete medical-vocational profile;" and (4) the ALJ "failed to consider the requirement of the work identified as sedentary as described by the vocational witness entitling [Plaintiff] to benefits on the medical-vocational guidelines." *Id*. at 3. Upon due consideration, the Court finds that Plaintiff's complaint survives screening under 28 U.S.C. § 1915(e)(2)(B).

## III. CONCLUSION

Based on the foregoing considerations, the Court **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis*, without prepayment of fees or costs. ECF No. 2.

Typically, after granting IFP status, the Court would direct the Clerk's Office to prepare and issue summons for the named Defendant, and direct the Plaintiff to complete Form 285. Then, the United States Marshal Service would serve a copy of the complaint and summons on Defendant. However, in accordance with Rule 3 of the Federal Rules of Civil Procedure's Supplemental Rules of Social Security Actions, and this district's General Order 747, a notice of electronic filing shall be transmitted to the Social Security Administration's Office of General Counsel and to the United States Attorney's Southern District of California office in lieu of service of a summons. *See* FED. R. CIV. P., SUPPLEMENTAL R. 3 OF SOC. SEC. ACTIONS UNDER 42 U.S.C. § 405(G) (effective Dec. 1, 2022) ("The court must notify the Commissioner of the commencement of the action by transmitting a Notice of Electronic Filing to the appropriate office within the Social Security Administration's Office of General Counsel and to the United States Attorney for the district where the action is filed. … The plaintiff need not serve a summons and complaint under Civil Rule 4."); General Order No. 747 (S.D. Cal. Dec. 15, 2022) (explaining that, in social security cases, the administrative record is due in lieu of an answer "60[] days after service of the Notice of Electronic Filing of the complaint," emphasizing that the service of summons is no longer a requirement). Here, no further

action is needed, as the Clerk's Office already transmitted the notice of electronic filing to Defendant in the instant case. *See* ECF No. 4, NEF ("The Notice of Electronic Filing of the complaint sent by the court to the Commissioner suffices for service of the complaint. The Plaintiff need not serve a summons and complaint under Civil Rule 4").

**IT IS SO ORDERED.**

Dated: August 26, 2026

Allison H. Goddard

Honorable Allison H. Goddard
United States Magistrate Judge